Harold Tessler, J.
The plaintiffs who, at a meeting of the defendant Local Union held on April 5, 1961, nominated themselves for election as delegates to the 1961 convention of the International Union (hereinafter referred to as the United Association), move to restrain said local from excluding or eliminating their names from the ballots or voting machines to be used at the election to be held on May 13,1961.
The plaintiffs were concededly nominated along with 140 others for two of the local’s 40 delegates to the convention to be held in Kansas City, Missouri, in August, 1961 but their names, along with those of two other nominees, were eliminated by the local’s financial secretary-treasurer after verification by the general secretary-treasurer of the United Association.
It appears that in the Fall of 1959 certain charges were made against the plaintiffs who, under protest, submitted to a trial thereof by the local’s executive board on September 28, 1959. They were convicted and each was fined the total sum of $50. The membership of the local ratified this determination at a meeting held on October 7, 1959. Plaintiffs then appealed to the United Association which, on March 18, 1960, modified the decision and as modified affirmed it, including the fines that had been imposed. Plaintiffs did not pay these fines until October 31,1960, when they did so under protest.
On November 16, 1960, the plaintiffs commenced an action which, according to the prayer for relief in their complaint verified November 15, 1960, sought to permanently enjoin the local union from excluding or otherwise discriminating against the plaintiffs in their voting and candidacy rights in union elections and to direct said local to correct its records so as to indicate the plaintiffs are now in good standing and have been in good standing during the entire period of their membership. By order to show cause dated November 16, 1960, they moved for a temporary injunction to restrain the local union from eliminating their names from the ballot for two elective offices in said local to be voted upon December 3, 1960. for which they had nominated themselves on November 2, 1960. It appears that on November 8, 1960, the local’s financial secretary informed each plaintiff that he was disqualified from seeking office or *1039 from voting at said election because, under its constitution, no member was eligible to hold office or to vote at any election unless he has been a member in good standing for a period of six months prior to the election.
The basis of the action and of that motion was that the fines had not been properly or validly levied and accordingly nonpayment or late payment thereof could not legally deprive them of their voting and candidacy rights. This court pointed out that another Justice had, by an order dated September 8, 1960, denied a previous motion by the plaintiffs to restrain the defendants from giving any force and effect to the order of suspension which had been announced at the meeting of the local held on or about August 5, 1960. The court thereupon denied the motion upon the ground that the plaintiffs had not met the burden of establishing their undisputed right to the drastic relief of a temporary injunction and that ‘ ‘ The equity calendar of this court is virtually up to date and the plaintiffs could readily have obtained a speedy trial had they seen fit to do so. ”
It appears from the filed papers that the case was not placed upon the calendar until April 19, 1961, when a note of issue was filed, placing the case on the calendar for the May 1961 Term. It also appears that an amended complaint verified March 18, 1961, had been served by the plaintiffs.
Except for conclusory statements to the effect that plaintiffs have been guilty of no offense under the constitution or bylaws of either the local or the parent union and that all they did was to exercise their right of freedom of speech upon the membership floor and their right freely to express their views on union issues “for which the defendants have seen fit to attempt to intimidate, coerce and otherwise deny * * * [them their] constitutional rights ” there is nothing in the moving papers upon which it can be said that the plaintiffs have established a clear right to injunctive relief by reason of the claimed illegality of their convictions and fines. Just as this court was unable to grant the plaintiffs a temporary injunction on the previous motion because they were then ineligible to hold office since they had not been continuously members in good standing of the local for six months prior to the election for local office to be held on December 3, 1960, so this court cannot grant the present temporary injunction for the office of delegate to the parent body’s convention. Its constitution provides in section 17 thereof: “No member shall be eligible as a delegate or alternate unless he shall have been a good standing member of the Local Union which he is to represent for at least one year continuously previous to his election.” *1040 Since the parent body modified and affirmed the local union’s decision on the charges against the plaintiffs on March 18, 1960, and the plaintiffs did not pay their fines until October 31, 1960, it is clear that they would not be eligible as delegates under section 17 of the parent body’s constitution if elected on May 13,1961.
Under article VIII, section 9, and article XIII, section 3 of the local union’s constitution, plaintiffs became suspended members not entitled to any rights and benefits of membership until the expiration of three months following the payment of the fine on October 31, 1960. Upon the papers now before the court, no showing has been made which would warrant this court to disregard the effect of plaintiffs’ convictions under the constitution of the local and parent body and thereby afford the plaintiffs substantially all the relief to which they could be entitled if successful at the trial. The motion is accordingly denied.